### SALLY WOODWARD *vs.* MARY LINCOLN & others.

The probate court has no jurisdiction to set out an estate of homestead, if the right to it is disputed by the heirs or devisees.

PETITION, dated April 28th 1862, by the widow of David Woodward to the judge of probate for an order to set off to her an estate of homestead in the real estate left by her late husband. The judge of probate granted the petition, and an appeal was taken to this court.

The following facts were agreed: On the farm owned and occupied by said David during his life, there were two dwelling-houses, in one of which he and the petitioner lived, and the other was occupied by tenants. The latter house was assigned to the petitioner as her dower on the 4th of February 1862, and no appeal was taken. Shortly afterwards, she moved into the house so assigned to her as dower, and in September 1862

removed into another house owned by her as her separate prop-
erty.   On the 16th of May 1862, partition of the real estate left
by said David was decreed by the probate court among his
heirs, and no appeal was taken.   The heirs at law appeared and
disputed the right of the petitioner to maintain her present pe-
tition, from the beginning.

Upon these facts, the case was reserved by *Chapman,* J. for
the determination of the whole court.

*C. I. Reed,* for the appellants, cited, upon the question of
jurisdiction, Gen. Sts. *c.* 90, § 3 ; *c.* 104, § 13 ; *Sheafe* v. *O'Neil,*
9 Mass. 9 ; *Higbee* v. *Bacon,* 11 Pick. 423 ; *French* v. *Crosby,*
23 Maine, 276.

*E. Ames,* ( *G. E. Williams* with him,) for the appellee.

DEWEY, J.   The respondents deny that any jurisdiction exists
in the probate court to assign to the petitioner a homestead.

The probate court being a court of peculiar and limited juris-
diction, its authority to assign a homestead, if it exists, must be
found in some statute provision.

No direct language authorizing that court in terms to assign
a homestead is found.   Its authority, if to be found anywhere, is
in the provisions in the Gen. Sts. *c.* 104, §§ 12, 13, in the latter of
which it is provided that "when a widow or minor children are
entitled to an estate or right of homestead, as provided in the
preceding section, the same may be set off to the parties entitled
thereto in the same manner as dower may be set off to a widow."
To learn what courts have the power of assigning homesteads,
we must ascertain what courts have the power to set out dower.

But the power given to the probate court to set off dower is a
very limited one, and is confined to assigning dower in lands of
which the widow's husband died seised, when " her right is not
disputed by the heirs or devisees."   Gen. Sts. *c.* 90, § 3.   This is
the whole extent of the power of the probate court to set off
dower.   It is quite obvious that it never was intended to consti-
tute that court a tribunal to investigate and settle a controverted
claim to dower.   For such cases, ample provision was made for
proceeding in the courts of common law · by writ of dower
Such is the mode in which dower is set off.

Giving full effect to the words of the statute, they would only authorize a homestead to be set off to the widow, by the probate court, where her right was not disputed by the heirs or devisees. The like reasons exist for limiting the jurisdiction, in the case of a claim for homestead, as in dower. It is said, however, that the statute does not provide for a writ of homestead, as it does for a writ of dower. The statute has provided nothing in detail as to the mode of setting off a homestead. It has only referred us to the proceedings in setting off dower. Whether a writ of homestead may be brought, in like manner as a writ of dower, it is perhaps unnecessary to decide; but it is difficult to perceive any good reason why it may not; as, by the terms of the statute, homesteads may be set off in the same manner as dower. But such writ is unnecessary, as the provisions of Gen. Sts. c. 104, § 9, give full authority to a party entitled to a homestead to have the same set off to her upon her petition for partition, filed in the common law courts, as in the cases of tenants in common.

The heirs at law of the deceased husband, as stated in the facts submitted to the court, having appeared before the probate court, and disputed the right of the petitioner to have a homestead assigned to her, that court was ousted of its jurisdiction. The petitioner was thereby required to seek another tribunal to adjudicate upon her claim of a homestead right, and to set off the same to her.

It may be proper to remark that this point was not taken by the counsel in *Monk* v. *Capen*, 5 Allen, 146, or considered by the court.

In this aspect of the case, the appellants having raised the question of jurisdiction, we forbear to express any opinion upon the question whether the petitioner has shown a right of homestead. *Petition dismissed.**

---

* A similar decision was made in the case of Lucy W. Bates vs. Thomas M. Bates, argued in Plymouth county at October Term 1864.

P. Simmons, for the petitioner.

J. B. Harris, for the respondent.